## BRUMMETT v. SYFERT.

No. 16473—Opinion Filed March 16, 1926.

1. **Appeal and Error — Review of Equity Case—Evidence.**

This court will weigh the evidence in a case of purely equitable cognizance, but will not reverse the same, unless it be clearly against the weight of the evidence.

2. **Same—Judgment Sustained.**

Record examined; held, to support judgment in favor of the defendant in error.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Tulsa County; E. A. Summers, Assigned Judge.

Action by Standard Savings & Loan Association against W. A. Brummett, Leah E. Syfert, et al., to foreclose a real estate mortgage. Leah E. Syfert filed cross-petition alleging that she was the equitable owner of the mortgage. Judgment for defendant Leah E. Syfert, and defendant W. A. Brummett appeals. Affirmed.

R. W. Kellough and R. Y. Stevenson, for plaintiff in error.

Kleinschmidt & Johnson, for defendant in error, Leah E. Syfert.

Opinion by STEPHENSON, C. Leah E. Syfert was the second wife of W. A. Brummett. The father of the wife conveyed the lot involved in this action jointly to the husband and wife. The owners executed and delivered their real estate mortgage thereon to the Standard Savings & Loan Association, to secure the indebtedness of $1,300. The indebtedness was for the cost of improvements made upon the property. W. A. Brummett conveyed his undivided one-half interest in the property, while the mortgage was existing, as a lien, to his children by a form-

er marriage. Leah E. Syfert was later granted a decree of divorce from W. A. Brummett. A property settlement was entered into in connection with the divorce decree, wherein it was agreed by the wife that she would accept a conveyance of the husband's undivided one-half interest in the property in lieu of the payment of alimony. The husband agreed to pay the mortgage indebtedness and certain taxes against the property, which he failed to do. W. W. Syfert, prior to marriage to Leah E. Syfert, paid the indebtedness after the foreclosure proceedings were commenced by the loan company, and received an assignment of the mortgage. He also paid taxes thereon, which W. A. Brummett had promised to pay by his written agreement. W. W. Syfert was substituted for the Standard Savings & Loan Association as party plaintiff. Leah E. Syfert filed her cross-action, setting up the agreement with W. A. Brummett, and further alleging that W. W. Syfert took the assignment of the mortgage and paid the taxes for her use and benefit. The cross-action further stated that it was necessary for the defendant to cause such payments to be made in order to save and protect her equity in the property. The court found the issue of fact in favor of Leah E. Syfert, and entered a judgment foreclosing the lien in favor of the latter and against W. A. Brummett and his grantees, to secure the payment of the moneys advanced to Leah E. Syfert by W. W. Syfert. W. A. Brummett has appealed from the judgment, and makes the point that the evidence is insufficient to support the judgment. The appellant states that W. W. Syfert paid out the sums of money in question before he was married to Leah E. Syfert; that there was no obligation upon the part of W. W. Syfert to advance and pay the sums of money for Leah E. Syfert. It may be that there was no moral obligation for the payment of the money to protect Leah E. Syfert's interest, but this is not decisive of the question. It is sufficient that W. W. Syfert made such payments for the defendant in error. The agreement, or understanding, between W. W. Syfert and the defendant in error, in relation to the payments for the defendant in error, is not in question here.

The plaintiff in error, for the reversal of the judgment, mainly relies upon his contention that no obligation rested upon W. W. Syfert to advance the sums of money for Leah E. Syfert before his marriage to the latter. The evidence is to the effect that W. W. Syfert paid the sums of money in question for the benefit of the defendant

in error. The plaintiff in error cannot sustain the question of law he presents on the record. The cross-action is in the nature of an equitable proceeding between Leah E. Syfert and W. A. Brummett. The grantees of W. A. Brummett did not appeal from the judgment canceling the deed to them.

The judgment is affirmed.

By the Court : It is so ordered.

Note.—See under (1) 4 C. J. p. 900 § 2869; 2 R. C. L. 202 ; 1 R. C. L. Supp. p. 442; 4 R. C. L. Supp. p. 91; 5 R. C. L. Supp. p. 81. (2) 4 C. J. p. 1130 § 3122.